# Court of Appeals
# of the State of Georgia

ATLANTA,  August 04, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0754.  JACKSON v. CITY OF ATLANTA.

Brian Jackson sought permission twice from the City of Atlanta to cut down certain trees on his property because his insurer demanded he do so. The Tree Conservation Commission ("TCC") denied both of Jackson's permit requests, and he did not appeal those denials. In July 2024, a City arborist—who knew the permit requests had been denied—passed by Jackson's property and noticed the trees had been removed. As a result, the City sent Jackson a letter advising him that he had been assessed a cash recompense of $20,230.00 for the illegal destruction of 12 trees on his property. Jackson then appealed the penalty imposition to the TCC, claiming the trees he removed were either dying or hazardous to the property. The TCC issued its final decision, upholding the assessment, but conditionally reducing the fines by $3,000 if Jackson replanted six trees on his property.[1]

Jackson appealed the TCC's decision by filing a petition for review in superior court, claiming the City lacked the authority to promulgate the tree ordinance and that its decision violated his equal protection and due-process rights. More precisely, Jackson argued the City of Atlanta's Tree Protection Ordinance (1) deprives him of his constitutional right to defend himself against a criminal offense before a court of this state; (2) deprives him of his right to defend himself before a jury when charged with a serious criminal offense; (3) violates his constitutional right to a jury trial in civil matters; and (4) violates his rights under the Fourteenth Amendment to the

---

[1] Jackson timely notified the City that he planned to appeal.

United States Constitution. The superior court held a hearing, after which it affirmed the TCC's determination. And although the superior court's order noted that it "reviewed all question of law de novo[,]" it determined that it would not address Jackson's constitutional arguments, finding it was precluded from doing so and could only determine whether any evidence supported the TCC's ruling.

Jackson then filed a petition for discretionary review of the superior court's order, which we initially granted. But believing that the superior court had, nevertheless, at least implicitly denied Jackson's novel constitutional challenges to the tree ordinance, we transferred the case to the Supreme Court of Georgia. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1) (providing that the Supreme Court of Georgia has exclusive jurisdiction appellate jurisdiction over "all cases involving the construction of ... the Constitution of the State of Georgia and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question."); *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (524 SE2d 455) (1999) (finding jurisdiction in the Supreme Court of Georgia despite lack of explicit trial court ruling on constitutional challenges to statute where "the trial court must necessarily have rejected each of those issues to affirm the administrative decision"). But our Supreme Court disagreed that the superior court even implicitly ruled on Jackson's constitutional challenges and returned the case to this Court.

Given the Supreme Court of Georgia's order, it is undisputed that the superior court did not review Jackson's constitutional challenges to the City's tree ordinance. See *Buchan v. Hobby*, 288 Ga. App. 478, 479–80 (654 SE2d 444) (2007) (noting that the Court of Appeals was bound by the Supreme Court of Georgia's transfer order). But under OCGA § 5-3-5(a)(5), "a reviewing court shall ... [r]eview questions of law de novo." In the analogous context of administrative actions, our Supreme Court has held that if the rights of the parties have been adjudicated and are undergoing judicial review after adjudication, a superior court may consider constitutional challenges to an administrative agency's rules as part of that appellate review. See *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532)

(1992); *George v. Dept. of Nat. Res.*, 250 Ga. 491, 492 (299 SE2d 556) (1983). And we have recently applied that same rationale to zoning decisions. See *Alpha Land Partners, LLC v. City of Alpharetta*, 379 Ga. App. 35, 38(3) (927 SE2d 588) (2026). Given the foregoing, we hold that the superior court erred by refusing to consider Jackson's constitutional challenges to the City's tree ordinance. And because the superior court must consider those challenges in the first instance, we remand this case for it to do so. See *Tussahaw Reserves v. Butts County*, 323 Ga. 84, 88–89(2) (922 SE2d 363) (2025).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  08/04/2026

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*